DAVID P. MASTAGNI (SBN 57721)
dmastagni@mastagni.com
JEFFREY R. A. EDWARDS (SBN 265597)
jedwards@mastagni.com
**MASTAGNI, HOLSTEDT, AMICK,
MILLER & JOHNSEN, APC**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811-3151
Telephone: (916) 446-4692
Facsimile:  (916) 447-4614

Attorneys for Plaintiff, DAN FONSECA

# UNITED STATS DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN FONSECA,<br><br>             Plaintiff,<br><br>v.<br><br>THE CITY OF CHICO,<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br>**1.**   **Disability Discrimination (42 U.S.C. § 12111, et seq.);**<br>**2.**   **Disability Discrimination (Cal. Govt. Code § 12940);**<br>**3.**   **Failure to Provide Reasonable Accommodation (42 U.S.C. § 12111, et seq.);**<br>**4.**   **Failure to Engage in Interactive Process (42 U.S.C. § 12111, et seq.);**<br>**5.**   **Failure to Engage (Cal. Govt. Code § 12940);**<br>**6.**   **Retaliation (42 U.S.C. § 12203, et seq.);**<br>**7.**   **Retaliation (Cal. Govt. Code § 12940);**<br>**8.**   **Harassment (Cal. Govt. Code § 12940)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff DAN FONSECA ("FONSECA" or "Plaintiff") is an individual, and a resident of the State of California and the County of Butte.

2. At all times relevant herein and until his termination, Plaintiff was an employee of Defendant THE CITY OF CHICO ("CHICO"). Plaintiff was employed as a police officer pursuant to California Penal Code section 830.1(a). He is capable of performing the essential functions of the job, and has qualified and worked as a police officer for several years.

3. Plaintiff has, and at all relevant times herein has had a disability, specifically alcoholism. Alcoholism is a disability under ADA if it limits major life activities. *Miners v. Cargill*, 113 F3d 820, 823; *Bursch v. Coca Cola*, 119 F3d 305, 317.

4. Plaintiff's condition limits major life activities.

5. Plaintiff is also perceived by CHICO to be an alcoholic.

6. Defendant CHICO is, and at all times herein mentioned was, a public agency operating in the State of California with more than 15 employees, and an entity subject to suit under the Americans with Disabilities Act and the California Fair Employment and Housing Act, California. Government Code section 12900 *et seq*. ("FEHA"). Accordingly, CHICO is an employer within the meaning of California. Government Code section 12926(d).

## JURISDICTION

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 for civil actions arising under the laws of the United States.

8. This action invokes the supplemental jurisdiction of this Court to consider claims arising under California law. This Court has supplemental jurisdiction over all other claims under California law alleged in this action under 28 U.S.C. section 1367, because they form part of the same case or controversy as the aforementioned claims.

///

**VENUE**

9. Venue lies in this judicial district pursuant to 28 U.S.C. section 1391 because a substantial part of the events and omissions giving rise to the claims alleged herein occurred within the Eastern District of California and Defendant resides in said district.

**EXCEPTION FROM THE EXCLUSIVE REMEDY RULE**

10. Plaintiff is informed and believes, and thereon alleges, that the unlawful employment actions complained of herein, as a result of which Plaintiff sustained injuries and damages enumerated below, were and are violations of the laws and fundamental public policies of the State of California, and Plaintiff's claims are not subject to any exclusive remedy provisions of California's Workers Compensation Act, and are not otherwise preempted or barred. *Bagatti v. Dept. of Rehabilitation*, 97 Cal.4th 344 (2002); *City of Moorpark v. Superior Court*, 18 Cal.4th 1143 (1998).

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. On or about November 15, 2012, CHICO violated the rights afforded FONSECA and wrongfully terminated him without cause in violation of the Americans with Disabilities Act and the California Fair Employment and Housing Act.

12. FONSECA was employed by CHICO as a peace officer pursuant to Penal Code section 830.1 from 1985 until his termination on November 15, 2012.

13. He was a permanent civil service employee of the CITY and by virtue of said employment had a vested and fundamental property interest in continued employment with the CITY.

14. On or about May 14, 2012 and subsequently, FONSECA disclosed to CITY that he suffered from alcoholism and requested help.

15. Despite FONSECA's request for help, CHICO did not offer any accommodations or engage in an interactive process with FONSECA.

16. Because of FONSECA's request for help and his disability, CHICO treated FONSECA adversely, subjecting him to the Internal Affairs process by dispatching superior officers to his home to subject him to an off-duty Breathalyzer test after a traffic accident which the responding officer had

told CHICO managers did not involve alcohol. The Breathalyzer test shows FONSECA was below the legal limit for driving. Despite this, CHICO subjected FONSECA to adverse action by terminating FONSECA for this alleged misconduct.

17. On or about November 15, 2012, FONSECA was terminated from his employment with CHICO.

18. FONSECA timely appealed his termination pursuant to section 2R.72.150 (Disciplinary action) of CHICO's Administration and Personnel and Employee Relations Rules.

19. FONSECA was terminated because of a disability and medical condition in violation of the Americans with Disabilities Act and Fair Employment and Housing Act.

20. FONSECA is informed and believes that his disability and request for a reasonable accommodation were motivating reasons and/or substantial factors for CHICO's lack of good faith throughout the interactive process, as well as the adverse actions to which he was subjected.

21. FONSECA is informed and believes that he received adverse treatment on the basis of his disability not bestowed on non-disabled co-workers.

22. FONSECA has complied with all applicable claims statutes. FONSECA received from the Department of Fair Employment and Housing his Right-To-Sue Notices dated May 6, 2013. In addition, FONSECA complied with the Government Tort Claims Act by filing a claim against CHICO on or about May 14, 2013. CHICO denied the claim on June 24, 2013.

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION
**(Americans with Disabilities Act, 42 U.S.C. section 12111, et seq.)**

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22, as though fully set forth herein.

24. The acts/and or omissions of CHICO alleged herein, including but not limited to discriminating against FONSECA in the terms, conditions or privileges of employment, failing to accommodate FONSECA were done because FONSECA has a disability in violation of his rights under the Americans with Disabilities Act. Moreover, CHICO had no non-discriminatory reason for

taking said acts and/or omissions.

25. As a direct and proximate result of said acts and/or omissions by CHICO, FONSECA lost wages, employment opportunities, and suffered emotional distress and damages set forth herein.

26. FONSECA has been forced to employ legal counsel as a result of CHICO's conduct, and therefore is entitled to recover all reasonable attorney's fees and costs.

27. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION
## DISABILITY DISCRIMINATION
### (Cal. Govt. Code § 12940)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

29. Defendant CHICO's conduct, as alleged herein, violates California law prohibiting an employer from discriminating against an employee on the basis of disability and/or a request for a reasonable accommodation. Cal. Govt. Code § 12940.

30. FONSECA is an individual with a disability.

31. CHICO terminated FONSECA.

32. FONSECA is informed and believes that his disability was a motivating factor in CHICO's decision.

33. CHICO's wrongful discrimination and treatment was a substantial factor in causing FONSECA to suffer actual damages, including pain, embarrassment, anger and injury to reputation in an amount to be determined at trial. FONSECA is entitled to recover all damages resulting from CHICO's wrongful conduct, including compensatory damages, general damages, personal injury damages, attorney's fees, costs and any other damages the Court deems appropriate.

34. FONSECA has been forced to employ legal counsel as a result of CHICO's conduct, and therefore is entitled to recover all reasonable attorney's fees and costs. Cal. Govt. Code § 12965(b).

35. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION

## DISABILITY DISCRIMINATION - FAILURE TO

## PROVIDE A REASONABLE ACCOMMODATION

**(Americans with Disabilities Act, 42 U.S.C. section 12111, et seq.)**

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35, as though fully set forth herein.

37. The acts/and or omissions of CHICO alleged herein, including but not limited to discriminating against FONSECA in the terms, conditions or privileges of employment, and failing to accommodate FONSECA, were done because FONSECA has a disability in violation of his rights under the Americans with Disabilities Act (ADA), and violated FONSECA's right to a reasonable accommodation under the ADA. Moreover, CHICO had no basis or justification to not accommodate FONSECA and return him to work.

38. As a direct and proximate result of said acts and/or omissions by CHICO, FONSECA lost wages, employment opportunities, and suffered emotional distress and damages set forth herein.

39. FONSECA has been forced to employ legal counsel as a result of CHICO's conduct, and therefore is entitled to recover all reasonable attorney's fees and costs.

40. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

## DISABILITY DISCRIMINATION - FAILURE TO

## ENGAGE IN INTERACTIVE PROCESS

**(Americans with Disabilities Act, 42 U.S.C. section 12111, et seq.)**

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40, as though fully set forth herein.

42. The acts/and or omissions of CHICO alleged herein, including but not limited to discriminating against FONSECA in the terms, conditions or privileges of employment, and failing to accommodate FONSECA, were a result of CHICO's failure to engage in the interactive process as mandated by the Americans with Disabilities Act.

43. As a direct and proximate result of said acts and/or omissions by CHICO, FONSECA lost wages, employment opportunities, and suffered emotional distress and damages set forth herein.

44. FONSECA has been forced to employ legal counsel as a result of CHICO's conduct, and therefore is entitled to recover all reasonable attorney's fees and costs.

45. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
## DISABILITY DISCRIMINATION - FAILURE TO ENGAGE
### (Cal. Govt. Code § 12940)

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46, as though fully set forth herein.

47. Defendant CHICO's conduct, as alleged herein, violates California law prohibiting an employer from discriminating against an employee on the basis of disability and/or a request for a reasonable accommodation. Cal. Govt. Code § 12940.

48. FONSECA is an individual with a disability.

49. FONSECA can perform the essential functions of his job with or without reasonable accommodation.

50. At all relevant times, CHICO knew or should have known of FONSECA's disability. Further, FONSECA made his disability known to CHICO.

51. FONSECA, in good faith, requested that CHICO engage in an interactive process to determine a reasonable accommodation for this disability.

52. CHICO failed to engage in a timely and good faith interactive process, despite the acknowledgment of FONSECA's disability and entitlement to such a process.

53. CHICO's wrongful discrimination and failure to engage in a good faith interactive process was a substantial factor in causing FONSECA to suffer actual damages, including pain, suffering, embarrassment, anger and injury to reputation in an amount to be determined at trial. FONSECA is entitled to recover all damages resulting from CHICO's wrongful conduct, including compensatory damages, general damages, personal injury damages, attorney's fees, costs and any

other damages the Court deems appropriate.

54. FONSECA has been forced to employ legal counsel as a result of CHICO's conduct, and therefore is entitled to recover all reasonable attorney's fees and costs. Cal. Govt. Code § 12965(b).

55. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
## DISABILITY DISCRIMINATION - RETALIATION
### (Americans with Disabilities Act, 42 U.S.C. section 12203, et seq.)

56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55, as though fully set forth herein.

57. The acts/and or omissions of CHICO alleged herein, including but not limited to discriminating against FONSECA in the terms, conditions or privileges of employment and harassing and improperly disciplining FONSECA since he requested reasonable accommodations, violates the Americans with Disabilities Act's prohibition against retaliation.

58. As a direct and proximate result of said acts and/or omissions by CHICO, FONSECA lost wages, employment opportunities, and suffered emotional distress and damages set forth herein.

59. FONSECA has been forced to employ legal counsel as a result of CHICO's conduct, and therefore is entitled to recover all reasonable attorney's fees and costs.

60. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
## RETALIATION
### (Cal. Govt. Code § 12940)

61. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60, as though fully set forth herein.

62. Defendant CHICO's conduct, as alleged herein, violates California law prohibiting an employer from retaliating against an employee on the basis of a request for a reasonable

accommodation. Cal. Govt. Code § 12940.

63. FONSECA engaged in a legally protected activity when he reported his disability, and requested a reasonable accommodation.

64. Following FONSECA's request for an accommodation, CHICO subjected FONSECA to harassment and an adverse action as alleged herein.

65. FONSECA is informed and believes that his request for a reasonable accommodation was a motivating factor for the adverse treatment bestowed upon him.

66. CHICO's wrongful discrimination and failure to engage in a good faith interactive process was a substantial factor in causing FONSECA to suffer actual damages, including pain, suffering, embarrassment, anger and injury to reputation in an amount to be determined at trial. FONSECA is entitled to recover all damages resulting from CHICO's wrongful conduct, including compensatory damages, general damages, personal injury damages, attorney's fees, costs and any other damages the Court deems appropriate.

67. FONSECA has been forced to employ legal counsel as a result of CHICO's conduct, and therefore is entitled to recover all reasonable attorney's fees and costs. Cal. Govt. Code § 12965(b).

68. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION
## HARASSMENT
### (Cal. Govt. Code § 12940)

69. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 68, as though fully set forth herein.

70. CHICO engaged in harassing conduct directed toward FONSECA.

71. FONSECA's physical disability and/or request for an accommodation were/was a motivating factor for the harassment.

72. Said conduct by CHICO was unwelcome and sufficiently severe and/or pervasive that it had the purpose and/or effect of altering the conditions of FONSECA's employment and creating an intimidating, hostile, abusive and/or offensive working environment.

73. The environment created by the conduct of CHICO would have been perceived as intimidating, hostile, abusive, and/or offensive by a reasonable person similarly situated to FONSECA.

74. The environment created was perceived by FONSECA as intimidating, hostile, abusive, and offensive, and was furthermore objectively intimidating, hostile, abusive and offensive.

75. CHICO, as well as its agents and/or supervisors, knew or should have known of the alleged harassing conduct, and failed to take immediate and appropriate steps to prevent said conduct. CHICO's wrongful discrimination and failure to engage in a good faith interactive process was a substantial factor in causing FONSECA to suffer actual damages, including pain, suffering, embarrassment, anger and injury to reputation in an amount to be determined at trial. FONSECA is entitled to recover all damages resulting from CHICO's wrongful conduct, including compensatory damages, general damages, personal injury damages, attorney's fees, costs and any other damages the Court deems appropriate.

76. FONSECA has been forced to employ legal counsel as a result of CHICO's conduct, and therefore is entitled to recover all reasonable attorney's fees and costs. Cal. Govt. Code § 12965(b).

77. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, FONSECA, prays for judgment as follows:

1. For special and economic damages, and other monetary relief according to proof;
2. For general damages and non-economic damages according to proof;
3. For prejudgment interest at the prevailing legal rate;
4. For reasonable attorneys fees, costs and expert witness fees pursuant to California Government Code section 12965(b); and
5. For such other and further relief as the court deems just and proper.

///

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all causes of action

Dated: August 2, 2013 **MASTAGNI, HOLSTEDT, AMICK, MILLER & JOHNSEN, APC**

*/s/ Jeffrey R. A. Edwards*
JEFFREY R. A. EDWARDS
Attorneys for Plaintiff