DAVID P. MASTAGNI (SBN 57721)
dmastagni@mastagni.com
JEFFREY R. A. EDWARDS (SBN 265597)
jedwards@mastagni.com
**MASTAGNI, HOLSTEDT, AMICK,
MILLER & JOHNSEN, APC**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811-3151
Telephone: (916) 446-4692
Facsimile:  (916) 447-4614

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN FONSECA,<br><br>                    Plaintiff,<br><br>v.<br><br>THE CITY OF CHICO,<br><br>                    Defendant. | Case No.: 2:13-cv-01603-TLN-CMK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: January 30, 2014<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 2, 15th Floor |

## I.

## INTRODUCTION

Plaintiff Dan Fonseca brought this action for disability discrimination and related causes of action because his employer discriminated against him on account of his disability.  Defendant's Motion to Dismiss argues Plaintiff's complaint states insufficient factual allegations to state a claim, but the complaint is adequately plead.  Further, Plaintiff can amend to include additional factual allegations to cure any deficiency with the complaint.  Thus the court should deny the Motion to Dismiss and, in the alternative, grant leave to amend.

\\\

\\\

## II.

## ARGUMENT

### A.   THE LEGAL STANDARD FOR A MOTION TO DISMISS

"Dismissal of a complaint before discovery is a drastic step." *Wade v. Johnson Controls, Inc.*, 693 F.2d 19, 22 (2d Cir. 1982). Rule 8(a) of the Federal Rules of Civil Procedure provides that all pleadings filed in federal court, including counterclaims, must set forth three elements: (1) a basis for the court's subject matter jurisdiction over the claim; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) a demand for judgment for the relief sought. When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir.1997).

A Rule 12(b)(6) dismissal is only proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990). A Rule12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). Moreover, the court should draw all reasonable inferences in the plaintiff's favor (*Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005)), and presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujcn v. Nat'l Wildlife Fed.*, 497 U.S. 871, 889 (1990).

"Generally, Rule 15 advises the court that leave shall be freely given when justice so requires." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003). "Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.' [Citation.]" *Kappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir.2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000)). "Where counsel is able to posit possible amendments that would be consistent with the operative complaint and could also possibly state a claim for relief, the complaint should not be dismissed on its face with prejudice." *Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.*, 268 F.3d 1133, 1137 (9th Cir. 2001).

\\\

## B. PLAINTIFF'S CAUSES OF ACTION

### 1. First Cause of Action for Disability Discrimination

Defendant incorrectly argues Plaintiff alleged insufficient detail about 1) the major life activities his disability limits, 2) the conduct of the Defendant forming the basis for his claim, and 3) that his disability was a factor in the adverse actions. First, as Defendant acknowledges, Plaintiff alleged alcoholism limits major life activities. But, Defendant argues without authority, the Plaintiff must specify in the complaint which major life activities his alcoholism limits. This is not required. Thus, Plaintiff has adequately plead the first cause of action.

In the alternative, the court should grant leave to amend the first cause of action because Plaintiff can allege more detail about the major life activities limited by his alcoholism, the unlawful conduct by the Defendant, and more details about the adverse actions. Specifically, Plaintiff can amend to allege alcoholism affected major life activities including caring for oneself, performing manual tasks, eating, sleeping, paying attention, and operation of his digestive system. Plaintiff can allege details about how alcoholism affected these major life activities, including, but no limited to limiting his ability to eat regular meals and limiting the quality and quantity of his sleep.

Second, Defendant incorrectly argues Plaintiff did not adequately allege what conduct by the Defendant forms the basis for his claim of disability discrimination. However, Plaintiff alleged Defendant wrongfully terminated him without cause in violation of the Americans with Disabilities Act and subjected him to an internal affairs investigation because of his condition. (Complaint, ¶¶ 11,16, 17, 19.) Thus, Plaintiff has adequately plead the adverse actions that form the basis for his claim of disability discrimination. In the alternative, the court should grant leave to amend because Plaintiff can allege more details about the Defendant's adverse actions against him on account of his disability.

Third, Defendant incorrectly argues Plaintiff did not adequately plead factual allegations to support that his disability was a factor in adverse actions by the Defendant. However, Plaintiff alleged Defendant wrongfully terminated him without cause in violation of the Americans with Disabilities Act (Complaint, ¶¶ 11, 16, 17, 19.) Indeed, Plaintiff's allegation about the internal affairs investigation strongly shows the nexus between discriminatory motive and the adverse action because it alleges that when Plaintiff suffered an automobile accident, Defendant subjected him to an internal affairs

investigation and subjected him to a Breathalyzer test even though the officer who responded to the accident told Defendant the accident did not involve alcohol. (Complaint, ¶ 16.) Thus, it was Plaintiff's disability that motivated Defendant to subject Plaintiff to the adverse action. (*Id*.) In the alternative, the court should grant leave to amend because Plaintiff can allege more details that support that his disability was a factor in adverse actions by the Defendant.

Thus, the court should deny the motion to dismiss the first cause of action, or, in the alternative grant leave to amend.

### 2. Second Cause of Action for Disability Discrimination

Defendant incorrectly argues Plaintiff alleged insufficient detail about 1) the major life activities his disability limits and, 2) Plaintiff has not plead adequately factual allegations related to Defendant's unlawful motive. However, as discussed above, Plaintiff has alleged sufficient facts about his disability and the Defendant's unlawful motive. In the alternative, the court should grant leave to amend the second cause of action because Plaintiff can allege more detail about the major life activities limited by his alcoholism and the Defendant's discriminatory motive.

### 3. Third Cause of Action for Failure to Provide Reasonable Accommodation

Defendant incorrectly argues Plaintiff alleged insufficient detail about the major life activities his disability limits and his request for accommodation. As discussed above, Plaintiff alleged sufficient facts about his disability and can amend to allege more detail about the major life activities his disability limits.

Also, Plaintiff made sufficient factual allegations about his request for accommodation by alleging "on or about May 14, 2012 and subsequently [he] disclosed to the City that he suffered from alcoholism and requested help." Complaint, ¶ 14. But "Despite [Plaintiff's] request for help, [Defendant] did not offer any accommodations or engage in an interactive process with [Plaintiff]." Complaint, ¶ 15. Instead, Defendant treated him adversely, "subjecting him to an Internal Affairs process by dispatching superior officers to his home to subject him to an off-duty Breathalyzer test after a traffic accident which the responding officer had told [Defendant's] managers did not involve alcohol." Complaint, ¶ 16. Defendant did this "because of [Plaintiff's] request for help and his disability." Complaint, ¶ 16. In the alternative, the court should grant leave to amend the third cause

of action because Plaintiff can allege more detail about his May 14, 2012 and subsequent requests for accommodations.

### 4. Fourth Cause of Action for Failure to Engage in Interactive Process

Defendant incorrectly argues Plaintiff alleged insufficient detail regarding his request for and need for accommodation. Plaintiff made sufficient factual allegations about his request for accommodation by alleging "on or about May 14, 2012 and subsequently [he] disclosed to the City that he suffered from alcoholism and requested help." Complaint, ¶ 14. But "despite [Plaintiff's] request for help, [Defendant] did not offer any accommodations or engage in an interactive process with [Plaintiff]." Complaint, ¶ 15. Instead, Defendant treated him adversely, "subjecting him to an Internal Affairs process by dispatching superior officers to his home to subject him to an off-duty Breathalyzer test after a traffic accident which the responding officer had told [Defendant's] managers did not involve alcohol." Complaint, ¶ 16. Defendant did this "because of [Plaintiff's] request for help and his disability." Complaint, ¶ 16. In the alternative, the court should grant leave to amend the fourth cause of action because Plaintiff can allege more detail about his May 14, 2012 and subsequent requests for accommodations and his need for accommodation.

### 5. Fifth Cause of Action for Failure to Engage in Interactive Process

Defendant incorrectly argues Plaintiff alleged insufficient detail about how he communicated his disability to Defendant, what his limitations are or what he needed Defendant to do in order to accommodate his disability. However, Plaintiff adequately plead how he communicated his disability by alleging by alleging "on or about May 14, 2012 and subsequently [he] disclosed to the City that he suffered from alcoholism and requested help." Complaint, ¶ 14. But "despite [Plaintiff's] request for help, [Defendant] did not offer any accommodations or engage in an interactive process with [Plaintiff]." Complaint, ¶ 15. Instead, Defendant treated him adversely, "subjecting him to an Internal Affairs process by dispatching superior officers to his home to subject him to an off-duty Breathalyzer test after a traffic accident which the responding officer had told [Defendant's] managers did not involve alcohol." Complaint, ¶ 16. Defendant did this "because of [Plaintiff's] request for help and his disability." Complaint, ¶ 16.

Plaintiff is not required to plead what his limitations are or what he needed Defendant to do

in order to accommodate his disability to state a claim for failure to engage in interactive process. The employee has the burden of giving the employer notice of the disability. Once notice is given, the employer must take affirmative steps and the parties must engage in an interactive process in order to attempt to fashion a reasonable accommodation. *Holtzclaw v. Certainteed Corp.*, 795 F. Supp. 2d 996, 1018 (E.D. Cal. 2011) (internal citations omitted). The employee does not need to identify available accommodation before discovery. See *Scotch v. Art Inst. of California-Orange Cnty., Inc.*, 173 Cal. App. 4th 986, 995, 93 Cal. Rptr. 3d 338, 346-47 (2009).

Thus, it is sufficient for Plaintiff to allege that he requested an accommodation and Defendant failed to engage in an interactive process. In the alternative, the court should grant leave to amend the fifth cause of action because Plaintiff can allege more detail regarding his request for an accommodation and what his limitations are or what he needed Defendant to do in order to accommodate his disability.

### 6. Sixth and Seventh Causes of Action for Retaliation

Defendant incorrectly argues Plaintiff alleged insufficient specifics regarding communication of his disability, such as the name of the person to whom he made that disclosure, the type of "help" he requested from Defendant, or Defendant's response; or that he suffered an adverse employment action because he engaged in protected activity and the nexus to his protected activity.

First, Plaintiff is not required to make factual allegations that he communicated his disability, such as the name of the person to whom he made that disclosure, the type of "help" he requested from Defendant, or Defendant's response. All that is required is that he engaged in protected activity, suffered an adverse action and that there is a nexus between the two. The causal link element may be established by an inference derived from circumstantial evidence, and an employee can satisfy his or her initial burden under the test by producing evidence of nothing more than the employer's knowledge that the employee engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision. *McRae v. Department of Corrections and Rehabilitation* (App. 1 Dist. 2006) 48 Cal.Rptr.3d 313, 142 Cal.App.4th 377.

Second, Plaintiff adequately alleged that he engaged in protected activity on or about May 14, 2012 and subsequently when he disclosed his disability to his employer and asked for help. Complaint,

¶ 14. Plaintiff adequately alleged he suffered adverse employment actions by being subjected to an Internal Affairs investigation and termination. Complaint, ¶¶ 16-17. Plaintiff adequately alleged a nexus between the two by alleging he was subjected to the Internal Affairs investigation and termination "because of [his] request for help and his disability;" and that he was subjected to these adverse actions and a Breathalyzer even though the officer who responded to the scene of the accident told Defendant alcohol was not involved in the accident. Complaint, ¶ 16. This shows the nexus. Thus, Plaintiff adequately alleged retaliation.

In the alternative, the court should grant leave to amend the sixth and seventh causes of action because Plaintiff can allege more facts about his protected activities and specifics regarding communication of his disability, such as the name of the person to whom he made that disclosure, the type of "help" he requested from Defendant, or Defendant's response; or that he suffered an adverse employment action because he engaged in protected activity and the nexus to his protected activity.

### 7. Eighth Cause of Action for Harassment

Defendant incorrectly argues Plaintiff alleged insufficient detail about what conduct by the Defendant was harassing or the frequency that Defendant engaged in such conduct. Thus, Plaintiff adequately alleged harassment by alleging, "[Defendant] subject[ed] him to an Internal Affairs process by dispatching superior officers to his home to subject him to an off-duty Breathalyzer test after a traffic accident which the responding officer had told [Defendant's] managers did not involve alcohol." Complaint, ¶ 16. Defendant did this "because of [Plaintiff's] request for help and his disability." Complaint, ¶ 16.

In the alternative, the court should grant leave to amend the eighth cause of action because Plaintiff can allege more detail about Defendant's harassment and the frequency that Defendant engaged in such conduct.

///
///
///
///
///

## III.

## CONCLUSION

For the foregoing reasons, the court should deny Defendant's Motion to Dismiss, or, in the alternative, grant Plaintiff leave to amend.

Respectfully submitted:

Dated: January 16, 2013                   **MASTAGNI, HOLSTEDT, AMICK, MILLER & JOHNSEN, APC**

　　　　　　　　　　　　　　　　　　　　*/s/ Jeffrey R.A. Edwards*
　　　　　　　　　　　　　　　　　　　JEFFREY R. A. EDWARDS
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff