Morin I. Jacob, Bar No. 204598
mjacob@lcwlegal.com
Megan M. Lewis, Bar No. 246052
mlewis@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, California 94107
Telephone: 415.512.3000
Facsimile: 415.856.0306

Attorneys for Defendant THE CITY OF CHICO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FONSECA, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF CHICO , <br><br> Defendant. | Case No.: 2:13-CV-01603-TNL-CMK <br><br> Complaint Filed: August 2, 2013 <br><br> **DEFENDANT CITY OF CHICO'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** <br><br> Date: January 30, 2014 <br> Time: 2:00 PM <br> Courtroom: Courtroom 2, 15th Floor |

## I. <u>INTRODUCTION</u>

Plaintiff Dan Fonseca (hereinafter "Plaintiff") failed to allege sufficient detail in his Complaint for Damages (hereinafter "Complaint") to maintain any of the eight causes of action he has brought against Defendant City of Chico (hereinafter "Defendant"). In its moving papers, Defendant addressed the deficiencies in the Complaint in detail. In Plaintiff's Opposition to Defendant's Motion to Dismiss (hereinafter "Opposition"), Plaintiff was not able to demonstrate that the allegations in his Complaint were sufficient to maintain any of his causes of action. As such, Plaintiff's claims must be dismissed under Federal Rule of Civil Procedure (hereinafter "FRCP") Rule 12(b)(6).

Liebert Cassidy Whitmore
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, California 94107

## II. ARGUMENT

### A. Plaintiff's 1st and 2nd Causes of Action for Disability Discrimination Must Be Dismissed.

Plaintiff failed to state facts sufficient to constitute a claim for disability discrimination under either the Americans with Disabilities Act (hereinafter "ADA") or the Fair Employment and Housing Act (hereinafter "FEHA") in his Complaint. Plaintiff failed to allege sufficient facts to demonstrate that he has a disability because, as discussed in Defendant's moving papers, alleging that he is an alcoholic is not sufficient for purposes of a disability discrimination claim. Rather, alcoholism is a condition that may or may not qualify as a disability and, as such, Plaintiff should have pled the specific major life activities he claims are limited by his alcoholism. (See *Thompson v. Davis,* 295 F.3d 890, 896 (9th Cir. 2002); see also *Burch v. Coca–Cola Co.*, 119 F.3d 305, 315 (5th Cir. 1997).) Plaintiff did not provide any legal authority in his Opposition to support his claim that such allegations are not required. (See Opposition, 3:6-8).

Similarly, Plaintiff failed to demonstrate that the conclusory statements pled are sufficient factual allegations. (Opposition, 3:16-21.) Plaintiff claims that his allegation that Defendant terminated him without cause and subjected him to an internal affairs investigation because of his alcoholism is sufficient to support a claim of disability discrimination. (Opposition, 3:17-20). However, that "allegation" is nothing more than a conclusory statement. Plaintiff does not provide any supporting factual allegations, and, as such, Plaintiff failed to meet his pleading obligations.

With respect to his disability discrimination claim under the FEHA, Plaintiff states that he "is informed and believes that his disability was a motivating factor in CHICO's decision." (Complaint, ¶ 32.) Plaintiff appears to claim in his Opposition that the nexus between Defendant's alleged discriminatory motive and the adverse employment action is obvious from his allegations. (Opposition, 3:26-4:2.) This is nothing more than an attempt to disguise insufficient pleading.

For the foregoing reasons, as well as those discussed in Defendant's moving papers, Plaintiff's 1st and 2nd causes of action for disability discrimination, under the ADA and the FEHA

1 respectively, should be dismissed.

**B.   Plaintiff's 6th and 7th Causes of Action for Retaliation Must Be Dismissed.**

Plaintiff has not alleged sufficient facts to support his claims for retaliation under the ADA and the FEHA. Most critically, Plaintiff's Complaint does not provide any factual allegations regarding his claim that he suffered an adverse employment action because of his alleged disability or because he engaged in protected conduct. In his Opposition, Plaintiff suggests that this Court should infer the required causal link from the conclusory statements in his Complaint. (Opposition, 7:2-6.) However, Plaintiff did not include sufficient factual allegations to support such an inference. Thus, the two retaliation claims must be dismissed.

**C.   Plaintiff's 3rd, 4th, 5th, and 8th Causes of Action Must Be Dismissed.**

Plaintiff did not even attempt to address the deficiencies Defendant identified in Plaintiff's 3rd cause of action for Failure to Accommodate, 4th and 5th causes of action for Failure to Engage in the Interactive Process, and 8th cause of action for Harassment. Rather, Plaintiff merely re-typed portions of his Complaint into his Opposition and concluded that the Complaint was sufficient. (Opposition, 4:20-28, 5:5-13, 5:19-27, 7:15-20). For the reasons stated in Defendant's moving papers, Plaintiff failed to plead sufficient facts to state a cause of action for Failure to Provide Reasonable Accommodation, Failure to Engage in Interactive Process (42 U.S.C. § 12111), Failure to Engage (Cal. Govt. Code § 12940), and Harassment. Therefore, these causes of action should be dismissed.

**D.   Plaintiff's Request for Leave to Amend the Complaint Should Be Denied Because Amendment Would Be Futile.**

When assessing whether to grant leave to amend, courts are to consider five factors: bad faith, undue delay, prejudice to the opposing party, whether the complaint has been amended previously, and futility of amendment. (*United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).) "Futility alone can justify the denial of a motion to amend." (*Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).) Here, allowing Plaintiff to amend the Complaint would be futile, and, therefore, Plaintiff's request for leave to amend should be denied.

//

Liebert Cassidy Whitmore
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, California 94107

Liebert Cassidy Whitmore
A Professional Law Corporation
153 Townsend Street, Suite 520
San Francisco, California 94107

1  Plaintiff repeatedly claims that he can amend the Complaint to include additional factual allegations that would cure the deficiencies Defendant addressed in its moving papers. (Opposition at 1:24-26, 3:13-15, 3:21-22, 4:3-5, 4:12-14, 4:17-19, 4:28-5:2, 5:13-15, 6:9-12, 7:8-12, 7:21-23.) However, Plaintiff had the opportunity in his Opposition to demonstrate to the Court that such facts exist, and yet he failed to do so with respect to all the Complaint's deficiencies except those related to the major life activities allegedly impacted by Plaintiff's alcoholism. The absence of adequate factual allegations in the Complaint, coupled with Plaintiff's failure to specify the factual allegations he claims would cure the Complaint's deficiencies, is evidence that allowing Plaintiff to amend the Complaint would be futile. As such, Defendant respectfully requests that Plaintiff's request for leave to amend be denied.

## III. CONCLUSION

Plaintiff failed to include factual allegations in his Complaint sufficient to state a cause of action against Defendant. In fact, Plaintiff's Complaint is so lacking in factual allegations that Defendant cannot meaningfully respond or defend itself against Plaintiff's claims. Plaintiff claims that he can amend the Complaint to include additional facts that would cure the deficiencies, but he did not include any such facts in his Opposition, which creates an inference that they do not exist and that amendment would be futile. As such, and based on the foregoing and the arguments in Defendant's moving papers, Defendant respectfully requests that its Motion to Dismiss Plaintiff's Complaint be granted in its entirety and Plaintiff's request for leave amend the Complaint be denied.

Dated: January 22, 2014          LIEBERT CASSIDY WHITMORE


By:  */S/* Morin I. Jacob
     Morin I. Jacob
     Megan M. Lewis
     Attorneys for Defendant THE CITY OF CHICO