1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL FONSECA,                         No.  2:13-cv-01603 TLN CMK

12            Plaintiff,

13        v.                                 **ORDER**

14   THE CITY OF CHICO,

15            Defendant.

16

17        This matter is before the Court pursuant to Defendant City of Chico's ("Defendant"),

18   Motion to Dismiss.  (ECF No. 6.)  Plaintiff Daniel Fonseca ("Plaintiff") opposes Defendant's

19   motion.  (ECF No. 8.)  Defendant filed a reply in response to Plaintiff's opposition.  (ECF No. 9.)

20   The Court has carefully considered the arguments made by both parties.  For the reasons stated

21   below, the Court hereby GRANTS Defendant's Motion to Dismiss.  (ECF No. 6.)

22   **I.    FACTUAL BACKGROUND**

23        The following facts are alleged in Plaintiff's Complaint.  (Compl., ECF No. 1.)  Plaintiff

24   was employed by Defendant as a peace officer pursuant to Penal Code section 830.1 from 1985

25   until his termination on November 15, 2012.  (ECF No. 1 at ¶ 12.)  Plaintiff suffers from

26   alcoholism, which he contends limits his major life activities.[1]  (ECF No. 1 at ¶ 3–4.)  Plaintiff

27   _____
     [1] Plaintiff also contends that Defendant perceived Plaintiff to be an alcoholic.  (ECF No. 1 at ¶ 5)  While this
28   allegation is another means of demonstrating a disability under 42 U.S.C. § 12102(1)(a),  neither Plaintiff nor
     Defendant argue this point and thus the Court need not address it.  The Court additionally notes that neither party has

                                              1

1    alleges that he is capable of performing the essential functions of the job.  (ECF No. 1 at ¶ 2.)

2          On or about May 14, 2012, Plaintiff disclosed to Defendant that he suffered from

3    alcoholism and requested help.  (ECF No. 1 at ¶ 14.)  Despite Plaintiff's request for help, Plaintiff

4    asserts that Defendant did not offer any accommodations or engage in an interactive process with

5    Plaintiff.  (ECF No. 1 at ¶ 15.)

6          Plaintiff further asserts that because of Plaintiff's disability and his request for help,

7    Defendant treated Plaintiff adversely, subjecting him to the Internal Affairs process.  (ECF No. 1

8    at ¶ 16.)  Specifically, Defendant dispatched superior officers to Plaintiff's home and required

9    him to take an off-duty breathalyzer test after a traffic accident, even though the responding

10   officer had told Defendant's managers the accident did not involve alcohol.  (ECF No. 1 at ¶ 16.)

11   The breathalyzer test revealed Plaintiff was below the legal limit for driving.  (ECF No. 1 at ¶

12   16.)  Despite this fact, Plaintiff alleges that Defendant subjected him to adverse action by

13   terminating him for this alleged misconduct on or about November 15, 2012.  (ECF No. 1 at ¶ 16-

14   17.)  Plaintiff timely appealed his termination.  (ECF No. 1 at ¶ 18.)

15        **II.    LEGAL STANDARD**

16         Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

17   statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556

18   U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

19   defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic*

20   *v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

21   pleading standard relies on liberal discovery rules and summary judgment motions to define

22   disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

23   534 U.S. 506, 512 (2002).

24         On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

25   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

26   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

27   _____

28   provided authority addressing whether alcoholism constitutes a disability under the ADA merely by demonstrating that the employer regarded the employee as being an alcoholic.

1   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

2   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

3   relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

4   factual content that allows the court to draw the reasonable inference that the defendant is liable

5   for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

6          Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

7   factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

8   1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

9   unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

10  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

11  elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

12  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

14  facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

15  been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

16  459 U.S. 519, 526 (1983).

17         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

18  facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

19  *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge[] [his or her] claims . . .

20  across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680.

21  While the plausibility requirement is not akin to a probability requirement, it demands more than

22  "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is

23  "a context-specific task that requires the reviewing court to draw on its judicial experience and

24  common sense." *Id.* at 679.

25         In ruling upon a motion to dismiss, the court may consider only the complaint, any

26  exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

27  Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

28  *Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

1    1998).

2         If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

3    amend even if no request to amend the pleading was made, unless it determines that the pleading

4    could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

5    1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

6    *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

7    denying leave to amend when amendment would be futile).  Although a district court should

8    freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

9    deny such leave is 'particularly broad' where the plaintiff has previously amended its

10   complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

11   2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

12        **III.    ANALYSIS**

13        All of Plaintiff's claims rely on Plaintiff establishing that his alcoholism constitutes a

14   disability under the Americans with Disabilities Act ("ADA") and the California Fair

15   Employment and Housing Act ("FEHA"). As explained below, the Court finds that Plaintiff has

16   failed to establish that he in fact suffered from a disability. Accordingly, the Court need not

17   address Defendant's other arguments.

18            A.  Disability Discrimination

19        Defendant argues that Plaintiff cannot state a claim for disability discrimination because

20   Plaintiff failed to adequately allege the major life activities which his alcoholism limits, as

21   required.  In opposition, Plaintiff asserts he was not required to specify in his complaint which

22   major life activities his alcoholism limits.  Plaintiff contends that merely stating that major life

23   activities are limited is enough to meet the Federal Rule of Civil Procedure 8(a) standard for

24   adequately pleading a claim.  Accordingly, Plaintiff argues he has met this standard and

25   adequately pleaded his disability under the ADA because he states his alcoholism limits his major

26   life activities.

27            **1.  Major Life Activities**

28        The crux of the matter before the Court is whether Plaintiff's alcoholism is a disability as

1  defined under the ADA and FEHA.  Alcoholism is a disability under the ADA if it limits major

2  life activities.  In *Thompson v. Davis*, 295 F.3d 890, 896 (9th Cir. 2002), the Ninth Circuit held

3  that plaintiffs who alleged that their previous drug use resulted in limitations on their ability to

4  work and learn had successfully pled that their drug addiction was a disability under the ADA.

5  *Id.*;  *accord Currier v. Whim Co.*, C 04-01366 SI, 2004 WL 1212058, at *3 (N.D. Cal. May 25,

6  2004) ("The term 'disability' under the ADA means 'a physical or mental impairment that

7  substantially limits one or more of the major life activities' of an individual."); *Bailey v. Georgia-*

8  *Pacific Corp.*, 306 F.3d 1162, 1167–68 (1st Cir. 2002) ("An ADA plaintiff must offer evidence

9  demonstrating that the limitation caused by the impairment is substantial in terms of his or her

10  own experience.  Alcoholism is no exception; courts have generally refused to recognize

11  alcoholism as a *per se* disability under the ADA."); *Burch v. Coca-Cola Co.*, 119 F.3d 305, 315

12  (5th Cir. 1997) (establishing that alcoholism is not a *per se* disability); *Lottinger v. Shell Oil Co*.,

13  143 F. Supp. 2d 743, 761 (S.D. Tex. 2001) ("Thus, to proceed, Lottinger must show that his

14  alcoholism or depression substantially limited a major life activity.").

15        In his complaint, Plaintiff contends that "Alcoholism is a disability under ADA if it limits

16  major life activities."  ECF No. 1 at ¶ 3.)  This statement is inadequate to meet the Rule 8(a)

17  standard because it merely states a necessary element of the claim.  Although alcoholism may be

18  a disability under the ADA where it has been shown to limit a major life activity, Plaintiff has

19  failed to allege facts to support that his alcoholism has in fact limited his major life activities.

20  Instead, Plaintiff merely states legal conclusions and recites necessary elements in an attempt to

21  satisfy this prerequisite.  Under *Twombly*, a plaintiff cannot rely on a threadbare recitation of the

22  elements to adequately plead his claim.  *Twombly*, 550 U.S. at 555.  Thus, Plaintiff is required to

23  provide factual information in support of his assertion that his alcoholism caused a physical or

24  mental impairment.  *Currier v. Whim Co*., C 04-01366 SI, 2004 WL 1212058, at *3 (N.D. Cal.

25  May 25, 2004) (explaining that if "plaintiff did not allege that his alcoholism caused any physical

26  or mental impairments that could render him disabled," then his conclusory statements and

27  recitation of the elements is not enough to sufficiently plead the claim).  As such, the Court finds

28  that Plaintiff has failed to meet his burden of specifying what major life activities his alcoholism

limits and thus has failed to state a claim under the ADA.

Consequently, because FEHA's interpretation of disability parallels the ADA's interpretation, Plaintiff's FEHA claims for disability discrimination also fail. *Gelfo v. Lockheed martin Corp.*, 140 Cal. App. 4th 34, 56–57 (2006) ("Because the ADA and FEHA share the goal of eliminating discrimination, we often look to federal case authority to guide the construction and application of FEHA, particularly where parallel statutory language is involved."); *Gosvener v. Coastal Corp.*, 51 Cal. App. 4th 805, 813 (1996) (stating that FEHA specifically incorporates the definition of disability listed in the ADA).

Finally, the remaining counts of Plaintiff's complaint are based on the premise that Plaintiff has a disability under the ADA and FEHA. As discussed above, without sufficient factual support the Plaintiff has not adequately pleaded the existence of a disability. Therefore, the other counts lack a foundation on which the claims can be based and thus fail to state a claim.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 1) is hereby GRANTED. Plaintiff may file an amended complaint within thirty days of the entry of this order. Failure to do so will result in this case being closed.

IT IS SO ORDERED.

Dated: June 6, 2014

Troy L. Nunley
United States District Judge

6